IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Lakeisha S. Tribble, ) | C/A No. 8:20-cv-02631-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter comes before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation ("Report"), which recommended affirming the decision of the Commissioner of Social Security ("Commissioner") and denying Plaintiff's request for remand. ECF Nos. 26, 27. Having considered the briefing, the administrative record, and all relevant law, the Court overrules Plaintiff's Objections and adopts the Magistrate Judge's Report for the reasons that follow.

## **BACKGROUND**

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the Commissioner's final decision denying her claim for Supplemental Security Income ("SSI").

Plaintiff applied for SSI on October 25, 2016, alleging disability beginning September 17, 2016. (R. 363–72). Plaintiff's application was denied initially and upon reconsideration. (R. 263–73, 276–90). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on March 20, 2019. (R. 139–82). The ALJ denied Plaintiff's application in a decision dated July 1, 2019. (R. 96–105). The

Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  (R. 1–7).

Plaintiff filed suit in this Court on July 16, 2020.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling.  On September 30, 2021, Magistrate Judge Jacqueline D. Austin issued her Report recommending that the decision of the Commissioner be affirmed.  ECF No. 26.  On October 6, 2021, Plaintiff filed Objections to the Report.  ECF No. 27.  The Commissioner filed a Reply on October 14, 2021.  ECF No. 28.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one.  Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance."  *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the

Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

### I. Severity of Impairments

Plaintiff objects to the portion of the Report regarding certain impairments that the ALJ found to be non-severe. ECF No. 27 at 12. Specifically, Plaintiff contends the ALJ should have determined that her psychological impairments, migraine headaches, diabetic neuropathy, surgical radiculopathy with nerve involvement, and post-surgical limitations from carpal tunnel syndrome are severe impairments. *Id.* Plaintiff does not provide any specific basis for her objections to the Report and instead refers the Court to the arguments set forth in her Reply Brief. *Id.*; *see Williams v. Horry-Georgetown Tech. Coll.*, 26 F.Supp.3d 519, 524 (D.S.C. June 14, 2014) ("The court need not conduct a de novo review when a party makes only 'general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations.'").

Regardless, upon de novo review, the Court finds the Magistrate Judge properly determined that the ALJ did not err in analyzing Plaintiff's impairments. In her analysis, the ALJ proceeded past Step Two to complete the five-step sequential analysis for determining disability and considered all of Plaintiff's impairments in determining her Residual Functional Capacity ("RFC"). *See Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989) ("Congress explicitly requires that 'the combined effect of all the individual's impairments' be considered, 'without regard to whether any such impairment if considered separately' would be sufficiently severe[.]" (quoting 42 U.S.C. § 423(d)(2)(c) and *Hines v. Bowen*, 872 F.2d 56, 59 (4th Cir. 1989))). Specifically, the ALJ noted the record reflects "very scarce formal mental health treatment and psychiatric exacerbations." ECF No. 17-2 at 104. The ALJ also discussed Plaintiff's complaint of migraines and carpal tunnel disorder limiting her ability to work. *Id.* at 102. Although diabetic neuropathy and surgical radiculopathy with nerve involvement were not addressed in the ALJ's decision, the Magistrate Judge correctly notes that Plaintiff did not allege these impairments in her application for disability. ECF Nos. 17-3 at 2–3; 26 at 17. Accordingly, because substantial evidence supports the ALJ's determination, Plaintiff's objection is overruled.

## II. Residual Functional Capacity

Plaintiff also objects to the Magistrate Judge's finding that substantial evidence supports the ALJ's determination that Plaintiff is capable of performing a limited range of light work. ECF No. 27 at 1–2. She argues that the medical evidence contradicts the ALJ's finding that she can stand and walk for six hours during an eight-hour day due to her knee osteoarthritis, chondromalacia, and pain in her right ankle and foot joints. *Id.* at 2, 4. Plaintiff claims these conditions also prevent her from crawling, kneeling, crouching,

stooping, balancing, or climbing ramps and stairs. *Id.* at 6. In addition, Plaintiff contests the ALJ's finding that she can occasionally overhead reach with the right upper extremity and frequently perform gross manipulation bilaterally. *Id.* She asserts that her myalgias, joint swelling, and arthralgias of the right shoulder cause weakness and numbness in her right arm and hand. *Id.* She also claims to suffer from carpel tunnel syndrome, polyarthritis, rheumatoid arthritis, and impairments to her cervical and lumbar spine, which similarly prevent her from overhead and forward reaching with the right arm. *Id.* at 7.

Having conducted a careful de novo review of the record, the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's RFC assessment. The Magistrate Judge correctly notes that Plaintiff does not challenge the opinion evidence relied upon by the ALJ or point to any contradictory evidence in the record. Instead, Plaintiff's challenge seems to be based solely on the ALJ's determination that Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms are not entirely consistent with the medical and other evidence in the record. *Id.* at 102. For claims filed before March 27, 2017, 20 C.F.R. § 416.929 provides that a claimant's symptoms will not be found to affect her ability to do basic work activities unless (1) medical signs or laboratory findings show that a medically determinable impairment is present and (2) the impairment could reasonably be expected to produce the claimant's pain or other symptoms. In evaluating the intensity and persistence of the claimant's symptoms, all of the available evidence, including medical history, the medical signs and laboratory findings, and the claimant's statements regarding her symptoms must be considered. 20 C.F.R. § 416.929(a); *see* Social Security Ruling 16-3p, 2017 WL 5180304, at *4 (Oct. 25, 2017). The ALJ must then determine the extent to which the

alleged functional limitations and restrictions due to pain and other symptoms can reasonably be accepted as consistent with the medical signs and laboratory findings and other evidence to decide how those symptoms affect the claimant's ability to work. 20 C.F.R. § 416.929(a).

Here, the ALJ specifically discussed the medical evidence Plaintiff references above as well as the opinion evidence to support her conclusion that Plaintiff is capable of performing a reduced range of light work. Although the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, the ALJ determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms are not entirely consistent with the medical evidence and other evidence in the record. *Id.* at 102. Specifically, she recited the medical evidence regarding Plaintiff's knee and other musculoskeletal issues but noted that Plaintiff's complaints "were intermittent in nature" and that the record reflected "no treatment for any musculoskeletal . . . symptoms in 2019." ECF No. 17-2 at 103. Moreover, the ALJ noted that "the record reflects minimal to normal findings on examinations and improved symptoms with treatment, which is not consistent with allegations of debilitating symptoms." *Id.* The ALJ also relied on opinion evidence regarding Plaintiff's impairments to support her RFC determination, which Plaintiff does not challenge. *Id.* at 104. Further, the ALJ appears to have limited Plaintiff's use of her right arm, hand, and shoulder in determining that she "can *occasionally* overhead reach with the right upper extremity." *Id.* at 101 (emphasis added). Because substantial evidence supports the ALJ's determination, Plaintiff's objection is overruled.

**III. Appeals Council's Consideration of Additional Evidence**

Plaintiff also objects to the Magistrate Judge's finding that the Appeals Council properly refused to remand based on additional medical and other evidence because it did not show a reasonable probability that it would change the outcome of the decision and it did not relate to the period at issue.  ECF No. 27 at 11.  Specifically, Plaintiff contends the additional medical evidence shows that she continued to suffer from the impairments prior to the ALJ's decision and demonstrates that she cannot meet the walking requirements of light work.  *Id.*  Plaintiff also asserts that the other additional evidence relates to the period at issue because it involves the same impairments and should have been considered.  *Id.* at 12.

Having conducted a careful de novo review of the record, the Court agrees with the Magistrate Judge's analysis and conclusion that the Appeals Council properly declined to remand the ALJ's decision based on the additional evidence.  20 C.F.R. § 416.1468 permits a claimant to submit additional evidence to be considered in accordance with 20 C.F.R. § 416.1470 when requesting review by the Appeals Council.  "In such cases, the Appeals Council first determines if the submission constitutes new and material evidence that relates to the period on or before the date of the [ALJ's] hearing decision."  *Meyer v. Astrue*, 662 F.3d 700, 704–05 (4th Cir. 2011) (internal quotation marks omitted).  "Evidence is new 'if it is not duplicative or cumulative' and is material if there is 'a reasonable possibility that the new evidence would have changed the outcome.'"  *Id.* at 705 (quoting *Wilkins v. Sec., Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991)).  Where evidence is not new, material, does not relate to the period on or before the hearing decision, does not create a reasonable probability that it would

change the outcome of the case, and there is no good cause for failure to submit the evidence earlier, the Appeals Council will not grant review based on the additional evidence.  See 20 C.F.R. § 416.1470.

Here, the Magistrate Judge noted that the Appeals Council did accept certain evidence submitted by Plaintiff but ultimately found that it would not change the ALJ's decision.  ECF No. 26 at 24.  Specifically, exhibits 24 and 25 of the record contain documents submitted by Plaintiff regarding her psychiatric conditions and treatment history.  Id. at 28.  The records indicate that Plaintiff exhibited mental health symptoms while not taking her medication as prescribed, which the Magistrate Judge correctly noted was not new information.  In determining that the evidence would not change the ALJ's conclusions, the Magistrate Judge noted that Plaintiff did not explain how the information contained in the exhibits contradicts the ALJ's decision or requires further consideration.  Id. at 29.

Regarding the evidence not exhibited in the record, the Magistrate Judge stated that Plaintiff provided no argument that the evidence she seeks to be considered as new is not duplicative of evidence already before the ALJ or that the evidence would change the ALJ's decision regarding disability during the relevant period.  Id. at 30.  In addition, Plaintiff was required to show good cause for not submitting the evidence prior to the hearing, which Plaintiff did not do.  Id. at 31.  Moreover, with respect to evidence Plaintiff submitted which was dated after the hearing or decision date, Plaintiff was required to show that the evidence related to the period before the decision, that there is a reasonable probability that the additional evidence would change the outcome of the decision, and that she had good cause for not submitting the evidence earlier.  Again, the Magistrate

8

Judge noted that Plaintiff failed to provide any argument as to how the late-acquired evidence is new and material to warrant further consideration. *Id.* at 33. Instead, Plaintiff only argues that the evidence relates back to the relevant period because it involves the same impairments. *Id.* at 34. The Court agrees with the Magistrate Judge that the requirements for the Appeals Council to remand based on the additional evidence were not satisfied in this case; thus, the Appeals Council did not err in declining to do so. Accordingly, Plaintiff's objection is overruled.

## CONCLUSION

For the reasons set forth above, the Court **ADOPTS** the Report, **OVERRULES** Plaintiff's Objections, and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 25, 2022
Spartanburg, South Carolina